IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA LAPIN,  :  |  |
|       Plaintiff,  : |  |
| : |  |
| v.  : | Civ. No. 23-1343 |
| : |  |
| NUTRISYSTEM, INC., *et al.*,  : |  |
|       Defendants.  : |  |

**O R D E R**

*Pro se* Plaintiff Joshua Lapin proceeds against various Defendants under Florida's Electronic Mail Communications Statute and South Dakota's Deceptive Trade Practices and Consumer Protection Statute after receiving "unsolicited commercial emails" sent by unnamed third parties. Fla. Stat. Ann. § 668.603; S.D. Codified Laws § 37-24; (Doc. No. 1 at 14.) He filed his Complaint in the Philadelphia Common Pleas Court, and Defendants removed to this Court. (Doc. No. 1.) Plaintiff has withdrawn the action against Defendant Nutrisystem, Inc., and now moves to remand and for an award of nominal costs of $3.36. (Doc. Nos. 10, 16.) I will grant Plaintiff's Motion in part and remand.

**I.    BACKGROUND**

Plaintiff alleges that Defendants Renown Holdings, Inc. and Davison Design & Development, Inc. "advertised" and "assisted in the transmission" of seven and fifteen spam emails, respectively. (Doc. No. 1 at 15-16.) He also alleges that "John Doe Ad Network(s) 0-5" contracted with the "non-[D]oe [D]efendants" to help them promote their products and services. (Id. at 16.) Plaintiff does not allege that any named Defendant initiated or sent the emails; he instead alleges that they contracted with one or more of the John Doe Ad Networks, "whose publisher actually sent the spams." (Id.) Plaintiff proceeds under Florida and South Dakota law

because: (1) the emails at issue were sent from a computer in Florida; and (2) Plaintiff uses a "South Dakota electronic mail address." (Id. at 17, 22.)

Florida's statute provides in relevant part:

> A person may not:
>
> (1)   Initiate or assist in the transmission of an unsolicited commercial electronic mail message from a computer located in this state . . . which:
>
> . . .
>
> (b)   Contains falsified or missing routing information or otherwise misrepresents, falsifies, or obscures any information in identifying the point of origin or the transmission path of the unsolicited commercial electronic mail message . . . .

Fla. Stat. Ann. § 668.603(1)(b).

South Dakota law provides the following:

> It is a deceptive act or practice for any person to:
>
> . . .
>
> (13)   Send or cause to be sent an unsolicited commercial electronic mail message that does not include in the subject line of such message "ADV:" as the first four characters. . . .
>
> \* \* \*
>
> No person or entity may do any of the following unless the subject line complies with the requirements set forth in subdivision 37-24-6(13) [above]:
>
> . . .
>
> (2)   Initiate or advertise in an unsolicited commercial e-mail advertisement to a South Dakota electronic mail address, or advertise in an unsolicited commercial e-mail advertisement sent to a South Dakota electronic mail address.
>
> \* \* \*
>
> No person may advertise in a commercial e-mail advertisement . . . sent to a South Dakota electronic mail address under any of the following circumstances:

> (1) The e-mail advertisement contains or is accompanied by a third-party's domain name without the permission of the third party;
> (2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information;
> (3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

S.D. Codified Laws §§ 37-24-6(13), 37-24-42(2), 37-24-47.

In their Notice of Removal, Defendants Renown and Davison argue that federal law—namely, the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003—completely preempts Plaintiff's state law claims, and that this Court thus has federal question jurisdiction over them. (Doc. No. 1 at 6-7); 15 U.S.C. § 7701 *et seq*.; see also 28 U.S.C. §§ 1331, 1441(a).

The CAN-SPAM Act—enacted "to create a national uniform standard regarding spam control"—prohibits the transmission of a commercial electronic message that contains materially false or misleading header information. Beyond Sys., Inc. v. Kraft Foods, Inc., 777 F.3d 712, 717 (4th Cir. 2015) (citing 15 U.S.C. § 7704); see 15 U.S.C. § 7702(8). Congress created a private action under the Act enforceable by a "narrow group" of possible plaintiffs: the Federal Trade Commission, certain state and federal agencies, state attorneys general, and adversely affected "Internet access service" providers. Gordon v. Virtumundo, Inc., 575 F.3d 1040, 1048-50 (9th Cir. 2009) (citing 15 U.S.C. § 7706(a), (b), (f), (g)).

Congress also provided that the Act would preempt state laws, except for those that fit within the carve-out or "savings" provision:

> (1) In general
> This chapter supersedes any statute, regulation, or rule of a State . . . that expressly regulates the use of electronic mail to send commercial messages, except to the

> extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.
>
> (2) State law not specific to electronic mail
>
> This chapter shall not be construed to preempt the applicability of--
>
> > (A) State laws that are not specific to electronic mail, including State trespass, contract, or tort law; or
> >
> > (B) other State laws to the extent that those laws relate to acts of fraud or computer crime.

15 U.S.C. § 7707(b); Silverstein v. Keynetics Inc., 192 F. Supp. 3d 1045, 1048 (N.D. Cal. 2016), aff'd, 727 F. App'x 244 (9th Cir. 2018); see Kraft Foods, 777 F.3d at 717 ("[A] state's anti-spam statute is not preempted so long as it deals with falsity or deception in the vein of tort."); Gordon, 575 F.3d at 1061 ("Congress carved out from preemption state laws that proscribe 'falsity or deception' in commercial e-mail communications.").

In moving to remand, Plaintiff argues that the CAN-SPAM Act does not completely preempt his state law claims. (Doc. No. 1 at 1-4.) Defendants Renown and Davison respond that removal is proper because: (1) Plaintiff's state law claims implicate a substantial federal question; and (2) his state law claim is completely preempted by federal law. (Doc. No. 23 at 3-4; Doc. No. 24); see Gunn v. Minton, 568 U.S. 251, 258 (2013) (summarizing the jurisdictional test set forth in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)).

## II. LEGAL STANDARDS

### A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove a state court civil action if the federal court would have had original jurisdiction over the action. Ramos v. Quien, 631 F. Supp. 2d 601, 606 (E.D. Pa. 2008). The defendant bears the "burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Id. (quoting Winnick v. Pratt, 2003 WL

21204467, at *2 (E.D. Pa. May 20, 2003)).  The Notice of Removal shall contain "a short and plain statement of the grounds for removal."  Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 87 (2014) (citing 28 U.S.C. § 1446(a)).  This Notice is the defendant's "opportunity to persuade the district court of its subject-matter jurisdiction.  The court's ensuing jurisdictional inquiry begins with a review of the removal pleadings; at that juncture, the court must decide whether or not the removing defendant has satisfied its burden of establishing the propriety of federal jurisdiction."  Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citation omitted).  A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint.  28 U.S.C. § 1446(b).  The Notice of Removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1117 (9th Cir. 2000) (quoting O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir. 1988)); Piacentile v. Thorpe, No. 12-7156, 2013 WL 11066484, *3 (D.N.J. Aug. 30, 2013).

The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The party asserting such "federal question" jurisdiction must satisfy the "well-pleaded complaint rule," which requires the grounds for jurisdiction to be clear on the face of the pleading that initiates the case.  Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016).

### B. Complete Preemption

There is a "narrow exception" to the "well-pleaded complaint rule" for instances where Congress "has expressed its intent to completely pre-empt a particular area of law such that any claim that falls within this area is necessarily federal in character." N.J. Carpenters & Trs. Thereof v. Tishman Constr. Corp. of N.J., 760 F.3d 297, 302 (3d Cir. 2014) (quoting In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3d Cir. 1999)). Complete preemption "operates to confer original federal subject matter jurisdiction notwithstanding the absence of a federal cause of action on the face of the complaint." Id. (quoting U.S. Healthcare, 193 F.3d at 160); see also Maglioli v. All. HC Holdings LLC, 16 F.4th 393, 407 (3d Cir. 2021) ("[A]lthough a garden-variety preemption defense would not satisfy the well-pleaded-complaint rule, a completely preempted state-law claim does."). Removal is proper only if the federal statute "wholly displaces the state-law cause of action through complete preemption." Maglioli, 16 F.4th at 407 (quoting Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)).

Complete preemption is rare. Id. at 408; see Hudak Est. of Koballa v. Elmcroft of Sagamore Hills, 58 F.4th 845, 852 (6th Cir. 2023) ("The Supreme Court has found only three provisions of federal law to be completely preemptive: § 301 of the Labor Management Relations Act . . . § 502(a)(1)(B) of the Employee Retirement Income Security Act . . . and §§ 85 and 86 of the National Bank Act."). A statute is completely preemptive if it "provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." Maglioli, 16 F.4th at 407 (quoting Anderson, 539 U.S. at 8). A federal statute "will completely preempt only those state-law claims that fall within the scope of the federal cause of action." Hudak, 58 F.4th at 853.

### C. Costs

"An order remanding the case may require payment of just costs and any actual expenses . . . incurred as a result of the removal." 28 U.S.C. § 1447(c).  I have the discretion to award fees and costs.  See Siebert v. Norwest Bank Mn., 166 F. App'x 603, 606 (3d Cir. 2006).  The imposition of fees serves to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff" and fees may be awarded "where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140-41 (2005).  "Courts have declined to exercise their discretion to award fees and costs, however, where the removal was not 'frivolous' and did not 'lack[] a reasonable foundation.'"  Stepnosky v. Silgan Holdings, Inc., No. 21-319, 2021 WL 2802473, at *7 (D.N.J. July 2, 2021) (alteration in original) (quoting Ruiz v. Woodland Park Obgyn, LLC, No. 15-8300, 2016 WL 158522, at *4 (D.N.J. Jan. 13, 2016)).

### III.   DISCUSSION

#### A. Federal Question Jurisdiction under Grable

Defendants assert for the first time in their opposition to remand that this Court has jurisdiction under Grable.  (Compare Doc. No. 1 at 6-7, with Doc. No. 23 at 3-4, 6-12.)  Defendants had until April 19, 2023, to amend their Notice of Removal, however, and they chose not to do so.  (See Doc. No. 1 at 7; see also Docket); Piacentile, 2013 WL 11066484, *3.  Because Defendants may not use their May 2023 Response in Opposition to Remand to alter their basis for removal jurisdiction, I will not address their Grable argument.  See Jessup v. Cont'l Motors, Inc., No. 12-4439, 2013 WL 309895, at *3 (E.D. Pa. Jan. 24, 2013) ("In removed cases, a federal court may only exercise jurisdiction on a basis which the removing party has alleged in its notice of removal."); Harper v. Nat'l Flood Insurers Ass'n, 494 F. Supp. 234, 236 (M.D. Pa. 1980) ("[A]

defendant may not, after the statutory 30-day filing period, amend the petition for removal in such a manner as to change or alter the import of the petition . . . ."); USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003) (the decision to allow amendment amplifying the Notice of Removal clearly is within the Court's sound discretion).

### B. Complete Preemption

Defendants asserted in their Notice of Removal only that the CAN-SPAM Act completely preempts Plaintiff's action. (Doc. No. 1 at 6-7.) "[N]o circuit court has specifically addressed the issue of whether complete preemption applies in a CAN-SPAM context such that original jurisdiction is present and the cause of action is removable." Gage E. Servs., LLC v. AngelVision Techs., Inc., No. 12-4115, 2013 WL 286247, at *3 (D.S.D. Jan. 24, 2013) (citing Gordon, 575 F.3d at 1048-49; Omega World Travel, Inc. v. Mummagraphics, Inc., 469 F.3d 348 (4th Cir. 2006)).

In determining whether the CAN-SPAM Act completely preempts Plaintiff's claims, I should: (1) ask whether the statute creates an exclusive federal cause of action; and, if it does, then (2) ask whether any of Plaintiff's claims fall within the scope of that cause of action. See Maglioli, 16 F.4th at 407 (alteration in original) (citing Anderson, 539 U.S. at 9 & n.5). If both requirements are satisfied, the claims are completely preempted and removable. Id.; Roeder v. Polovitch, No. 22-1796, 2022 WL 2819118, at *2 (E.D. Pa. July 19, 2022).

Here, "it would appear on the face of the [CAN-SPAM Act] that Congress intended for complete preemption to apply—at least to the types of claims that are not 'saved' under the language of the Act." AngelVision, 2013 WL 286247, at *3. Plaintiff does not fit within the "narrow group" of possible plaintiffs who may enforce the CAN-SPAM Act, however. See 15 U.S.C. § 7706(a), (b), (f), (g) (CAN-SPAM plaintiffs include only: the FTC, certain state and

federal agencies, state attorneys general, and adversely affected "Internet access service" providers); Gordon, 575 F.3d at 1048-52 (Congress viewed IAS providers as distinct from entities that merely carry or receive e-mail). Because Plaintiff lacks "a federal private right of action to pursue in lieu of" his state claims, the CAN-SPAM Act does not completely preempt them. AngelVision, 2013 WL 286247, at *4 (citing Johnson v. MFA Petroleum Co., 701 F.3d 243, 252-53 (8th Cir. 2012)); see Order Granting Pl.'s Mot. to Remand at 5-6, Lapin v. Apptness Media Group LLC, No. 21-81616 (S.D. Fla. Nov. 9, 2021), ECF No. 12 (remanding for lack of federal question removal jurisdiction under the complete preemption rule, because the CAN-SPAM Act does not provide any federal remedy to Plaintiff as a private citizen); cf. Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400, 402 (3d Cir. 2004) (hospital's claims, which it could not have brought under § 502(a) of ERISA because it was not "a participant or beneficiary," were not completely preempted by ERISA).

Because complete preemption does not apply, Defendants improperly removed. See Maglioli, 16 F.4th at 407; cf. AngelVision, 2013 WL 286247, at *3-4. I thus must remand Plaintiff's action. 28 U.S.C. § 1447(c).

### C. Costs

Plaintiff asks me to "award him a nominal amount of $3.36 in mailing costs he incurred in securing remand." (Doc. No. 16 at 1.) Defendants argue that because removal was not frivolous or without a colorable basis, Plaintiff is not entitled to any costs. (Doc. No. 23 at 23 n.6.) I agree and thus decline to award costs. Stepnosky, 2021 WL 2802473, at *7.

### IV. CONCLUSION

**AND NOW**, this 18th day of May, 2023, it is hereby **ORDERED** that Plaintiff's Motion

to Remand is **GRANTED IN PART**.  (Doc. No. 16.)  Plaintiff's request for costs is **DENIED**.  The matter is hereby **REMANDED**.

                                           **AND IT IS SO ORDERED.**

                                           */s/ Paul S. Diamond*
                                           Paul S. Diamond, J.